# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

FRANK LEE LARKINS, JR.,

                    Petitioner,        :   Case No. 2:19-cv-421

     - vs -                             District Judge Michael H. Watson
                                         Magistrate Judge Michael R. Merz

DAVID GRAY, Warden,
  Belmont Correctional Institution,

                               :
                 Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This is a habeas corpus action brought *pro se* by Petitioner Frank Lee Larkins, Jr., to obtain relief from his conviction in the Common Pleas Court of Jefferson County and his consequent imprisonment in Respondent's custody. The case is ripe for decision on the Petition (ECF No. 6), the State Court Record (ECF No. 10), and the Return of Writ (ECF No. 11). In ordering an answer, Magistrate Judge Vascura set a deadline for Petitioner to file a reply of twenty-one days after the Return of Writ was filed. The Return was filed May 7, 2019, more than twenty-one days have elapsed since then, and Petitioner has filed no reply[1].

The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District.

---

[1] After this Report was written but before it was filed, Larkins filed an untimely request to extend his time to file a reply (ECF No. 13). That Motion has been denied by separate order.

**Litigation History**

Larkins was indicted by the Jefferson County grand jury on August 5, 2015, on one count of rape of a victim less than thirteen years old. A trial jury convicted him and he was sentenced on June 1, 2016, to the mandatory term of life imprisonment with parole eligibility after ten years. After he failed once to file a timely appeal, the appellate court granted leave to file a delayed appeal raising one assignment of error. The court of appeals affirmed. *State v. Larkins*, 2017-Ohio-9369 (7th Dist. Dec. 18, 2017), reconsideration denied, 2018-Ohio-679 (Feb. 20, 2018), appellate jurisdiction declined, 152 Ohio St. 3d 1479 (2018). Larkins deposited his Petition for Writ of Habeas Corpus in the prison mailing system on February 1, 2019, which is deemed to be the filing date. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Larkins pleads the following grounds for relief:

> **Ground One:** The trial court erred when it refused to grant petitioner a mistrial when a state's witness alleged that petitioner had committed several other rapes in violation of clearly established federal law and when the trial court conducted all of the proceedings in a single afternoon; both in violation of the United States Constitution Sixth and Fourteenth Amendments and/or Due Process Clause.

> **Ground Two**: Petitioner was denied effective assistance of counsel at trial in violation of the Sixth Amendment.

> **Ground Three:** Petitioner was denied effective assistance of counsel on appeal in violation of the Sixth Amendment.

> **Ground Four:** Petitioner is actually innocent.

> **Ground Five:** Petitioner['s] conviction is against the legal and factual sufficiency of evidence and is not consistent with the demand of the federal Due Process Clause.

> **Ground Six**: The confession secured by the police was improper as the police used trickery in securing the confession from petitioner in

violation of U.S. Constitutional Amendment X and XIV and Due Process Clause.

**Ground Seven:** The trial court violated Due Process Clause by failing to conduct competency hearing *sua sponte*.

(Petition, ECF No. 6, PageID 47-64.)

# Analysis

**Ground One:  Denial of Fair Trial and Due Process**

In his First Ground for Relief, Larkins claims that he was denied a fair trial and due process of law when the trial court failed to declare a mistrial after a witness alleged Larkins had committed several other rapes.  Respondent defends this claim on the merits and asks this Court to defer to the decision of the Seventh District Court of Appeals.  Although federal constitutional issues were not mentioned in the court of appeals nor raised in Appellant's Brief (State Court Record, ECF No. 10, Ex. 20), Respondent does not raise an affirmative defense of lack of fair presentation. Instead, Respondent argues that the trial judge's handling of this improper testimony is neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent.

The Magistrate Judge agrees.  The damaging comment was blurted out by Larkins' alibi witness and not elicited by the prosecution.  The trial court took immediate steps to prevent prejudice by instructing the trial jury to ignore the comment.  The Supreme Court has never held that even the intentional admission of prior bad acts renders a trial so unfair that a mistrial must be granted.  "There is no clearly established Supreme Court precedent which holds that a state violates

due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*. 502 U.S. 62 (1991). It follows logically that when prior bad acts are mentioned by accident, there is no clearly established Supreme Court precedent requiring a mistrial in these circumstances.

Ground One should therefore be dismissed on the merits.


**Ground Two:   Ineffective Assistance of Trial Counsel**


In his Second Ground for Relief, Larkins asserts he received ineffective assistance of trial counsel. He makes eight sub-claims, but several of these combine several supposed instances of professionally deficient conduct, e.g. "5. Counsel failed to make obvious and meritorious objections to tainted evidence forming the basis of the state's case." (Petition, ECF No. 6, PageID 50.)

Ohio law provides two distinct ways to raise claims of ineffective assistance of trial counsel. If the claim can be decided on the basis of the record on direct appeal, then the claim must be presented in that way; otherwise it is barred from later presentation by *res judicata. State v. Perry*, 10 Ohio St. 2d 175 (1967). If, on the other hand, a claim depends on evidence outside the appeal record, it must be presented in a petition for post-conviction relief under Ohio Revised Code § 2953.21.

In this case, Larkins admits he never raised any ineffective assistance of trial counsel claims in the state courts. He offers as an excuse that it was ineffective assistance of appellate counsel not to present such a claim. (Petition, ECF No. 6, PageID 51.)

Respondent asserts Ground Two is procedurally defaulted by Larkins' failure to fairly present it to the state courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman*, 501 U.S., at 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640. The procedural default doctrine thus advances the

> same comity, finality, and federalism interests advanced by the
> exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111
> S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S.Ct. 2058, 2064 (2017).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule
> that is applicable to the petitioner's claim and that the petitioner
> failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually
> enforced the state procedural sanction, citing *County Court of Ulster
> County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777
> (1979).
>
> Third, the court must decide whether the state procedural forfeiture
> is an "adequate and independent" state ground on which the state
> can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not
> complied with and that the rule was an adequate and independent
> state ground, then the petitioner must demonstrate under *Sykes* that
> there was "cause" for him to not follow the procedural rule and that
> he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

The Sixth Circuit has repeatedly held that the Ohio *res judicata* rule is firmly established

and regularly followed and is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). Thus, those ineffective assistance of trial counsel claims which could have been presented on direct appeal and were not are now barred by *res judicata* and therefore procedurally defaulted for habeas corpus cases.

With respect to claims of ineffective assistance of trial counsel not based on the appellate record, Ohio requires presentation in a petition for post-conviction relief under Ohio Revised Code § 2953.21. Larkins does not claim to have filed such a petition and the State Court Record discloses no such petition. Such a claim must be filed within one year of filing the transcript on appeal which occurred January 13, 2017 (State Court Record, ECF No. 10-1, PageID 220, 301). That time expired more than two years ago and it is very unlikely Petitioner could meet the standards for a delayed petition, since the ineffective assistance of trial counsel claims he raises were all known to him at the time of trial.

Accordingly, Petitioner's Second Ground for Relief is procedurally defaulted and should be dismissed on that basis.

**Ground Three: Ineffective Assistance of Appellate Counsel**

In his Third Ground for Relief, Larkins argues he received ineffective assistance of appellate counsel when his appellate attorney failed in eight different ways to effectively represent him (Petition, ECF No. 6, PageID 53-54).

Petitioner asserts he raised this claim by filing an Application to Reopen under Ohio R. App. P. 26(B). *Id.* at PageID 54. That is the only proper way to raise a claim of ineffective assistance of appellate counsel under Ohio law. The record does not support Larkins' claim that he filed a 26(B) Application; instead it shows he filed a motion for reconsideration under Ohio R. App. P. 26(A) in which he did not raised any claims or ineffective assistance of appellate counsel nor would it have been proper to do so in that form (see Motion for Reconsideration, State Court Record, ECF No. 10, Ex. 23, PageID 183 *et seq*.).

The Magistrate Judge concludes Larkins procedurally defaulted his ineffective assistance of appellate counsel claim by not filing an application to reopen under Ohio R. App. P. 26(B).

**Ground Four: Actual Innocence**

In his Fourth Ground for Relief, Larkins claims he is actually innocent.

A claim of actual innocence alone is insufficient to warrant habeas relief. *Herrera v. Collins*, 506 U.S. 390 (1993).

> Case law in the Sixth Circuit establishes that the Supreme Court of the United States has never recognized a free-standing or substantive actual innocence claim. *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007), *citing Zuern v. Tate*, 336 F.3d 478, 482, n.1 (6th Cir. 2003), and *Staley v. Jones*, 239 F.3d 769, 780, n.12 (6th Cir. 2001). The Supreme Court has twice suggested that a "truly persuasive demonstration" of actual innocence would render a petitioner's execution unconstitutional. *Herrera v Collins,* 506 U.S. 390, 417 (1993); *House v. Bell*, 547 U.S. 518 (2006).

*Raymond v. Sheets*, 2012 U.S. Dist. LEXIS 160374, *26-27 (S.D. Ohio Nov. 8, 2012); *Stojetz v. Ishee*, 2014 U.S. Dist. LEXIS 137501 *185-86 (S.D. Ohio Sept. 24, 2014)(Frost, D.J.).

In addition to making a free-standing actual innocence claim, Larkins asserts his actual

innocence acts as a gateway to permit consideration of other claims which would otherwise be procedurally defaulted (Petition, ECF No. 6, PageID 56). The actual innocence "gateway" past procedural default or the statute of limitations requires the presentation of new evidence, evidence not presented at trial.

In *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held Congress enacted the statute of limitations in 28 U.S.C. § 2244(d)(1) "consistent with the *Schlup [v. Delo]* actual innocence exception." The Souter court also held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

Because the Supreme Court does not recognize a freestanding actual innocence claim and Larkins has presented no new evidence to satisfy the *Schlup* gateway, his Fourth Ground for Relief should be denied.

**Ground Five:  Insufficient Evidence**

In his Fifth Ground for Relief, Larkins asserts his conviction is based on constitutionally insufficient evidence.  He admits he did not present this claim to the state courts, but asserts it is a "federal issue preserved by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 and would not be presented on direct appeal."

Larkins misunderstands the AEDPA.  That statute in no way allows a prisoner to forego a state forum for raising a federal constitutional claim and then later raise that claim in habeas.  The AEDPA did not impact the previously existing doctrine of procedural default.  In fact, deliberately bypassing a state forum to present a claim in federal habeas would not even have been permissible under *Fay v. Noia, supra*.

Larkins' Fifth Ground for Relief is procedurally defaulted by his failure to present it to the state courts.

**Ground Six:  Involuntary Confession**

In his Sixth Ground for Relief, Larkins asserts his confession was obtained by police trickery and in violation of his privilege against compelled self-incrimination under the Fifth Amendment.  This claim was also raised in the state courts because, as with Ground Five, Larkins claims it was preserved for presentation in the first instance in habeas by the AEDPA.  Because that is just not so, Ground Six should be dismissed on the same basis as Ground Five.

**Ground Seven:  Failure to Conduct a Competency Evaluation** *sua sponte*

As with Grounds Five and Six, Larkins admits he did not raise this claim in the state courts because the AEDPA allegedly preserved it.  This assertion is also not true for Ground Seven which should be dismissed on the same basis as Grounds Five and Six.

**Conclusion**

On the basis of the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 11, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.

A party may respond to another party=s objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).