**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

FRANK LEE LARKINS, JR.,

            Petitioner,      :      Case No. 2:19-cv-421

  - vs -                          District Judge Michael H. Watson
                                    Magistrate Judge Michael R. Merz

DAVID GRAY, Warden,
  Belmont Correctional Institution,

                                        :
            Respondent.

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 18) to both the Magistrate Judge's Report and Recommendations on the merits ("Report," ECF No. 14) and the Magistrate Judge's Decision and Order (ECF No. 17) Granting in Part and Denying in Part Petitioner's Motion for an Extension of Time to Object (ECF No. 16). District Judge Watson has recommitted the case to the Magistrate Judge under Fed.R.Civ.P. 72 for reconsideration (ECF No. 19).

**Motion for Extension of Time**

The Magistrate Judge's Report and Recommendations on the merits was served on Petitioner by mail by the Clerk of Court on the day it was filed, June 11, 2019. The Report contains at the end the Notice Regarding Objections required by the Sixth Circuit which advises Petitioner

that he has seventeen days to file objections, fourteen as provided by Fed.R.Civ.P. 72(b) plus three days because service is by mail under Fed.R.Civ.P. 6(d) (ECF No. 14, PageID 842-43).

On June 24, 2019, Larkins placed in the prison mail system, and thereby effectively filed, his Motion for Extension of Time to File Two Objections, one to the Magistrate Judge's denial of an extension of time to file a traverse and one to the Report and Recommendations (ECF No. 16). Larkins sought an additional sixty days to file both of those objections. *Id.* at PageID 848. As cause, Larkins cites the general constraints which apply to legal filings by inmates at the Belmont Correctional Institution. He also complains that he had sought a ninety-day extension to file a traverse which he says was denied as untimely. *Id.*

On June 28, 2019, the day the Clerk docketed Larkins' request, the Magistrate Judge granted the sixty days sought for the merits objections, but denied an extension of time to file objections relating to the traverse because the request was untimely filed/mailed (ECF No. 17, PageID 853). The Order noted "Petitioner now has a full two months to prepare objections to the Report. He can include in those objections any argument he would have made in a traverse/reply." *Id.*

In his Objections, Larkins recites the institutional constraints on prisoner filings generally and then claims these constitute a showing of excusable neglect so as to justify an extension of time under Fed.R.Civ.P. 6(b)(1)(B)(ECF No. 18, PageID 859-60).

When Magistrate Judge Jolson ordered the State to answer the Petition on February 27, 2019, she also set Larkins' reply date at twenty-one days after the Return of Writ was filed (Order, ECF No. 5). Thus, Larkins had very ample notice of what the time interval would be between the Return of Writ and his reply[1] date. The Return of Writ was filed and served on May 7, 2019 (ECF

---

[1] Larkins uses the older term "traverse" to refer to a petitioner's second pleading in a habeas corpus case. The older language was replaced with "reply" when the Rules Governing § 2254 Cases were adopted. Nonetheless the older

2

No. 11). Thus, Larkins had notice on or about that date that his time to file a reply would expire on May 28, 2019, per Judge Jolson's initial Order. He did nothing to seek more time to file a traverse/reply until June 5, 2019, when he mailed his Motion for Extension (See ECF No. 130, PageID 830). In it he makes no claim of excusable neglect. Instead, he recites what has now become boilerplate language about restricted library hours at Belmont Correctional and his lack of representation. The text of the Motion is less than two pages long and did not require any apparent legal research at all. In fact, the Motion itself does not acknowledge that it is untimely and seek to excuse the untimely filing.

As relief, Larkins requests the District Court to vacate the Report and Recommendations and grant him an additional ninety days to file a traverse (ECF No. 18, PageID 860). He does not discuss why he could not incorporate any arguments he would have made in his traverse into his objections on the merits, which he was given sixty days to prepare.

When Larkins filed his out-of-time motion for extension of time to file a traverse, he offered no explanation of his untimeliness, neither acknowledging that the motion was untimely nor making a claim of excusable neglect. His objections to the denial of extension are therefore without merit and should be overruled.

**Objections on the Merits**

**Ground One: Part One: Denial of Fair Trial and Due Process by Denial of a Mistrial**

In his First Ground for Relief Larkins claims he was denied a fair trial when the trial judge

---

term is still frequently used even by counsel and is not confusing to the Court.

failed to declare a mistrial after a prosecution witness adverted to several other supposed child victims of Petitioner. Furthermore, he claims the trial was unfair because the "trial court conducted all the proceedings in a single afternoon." (Petition, ECF No. 6, PageID 47.)

Regarding the first part of this Ground for Relief, the Report concluded the trial judge's handling of the incident was not an objectively unreasonable application of Supreme Court precedent (ECF No. 14, PageID 835).

Larkins objects first that the statement objected to was not made by Larkins' alibi witness, as the Report found, but by a prosecution witness. The witness in question, Alex Carey, had been a friend of Larkins since the seventh or eighth grade. He testified that Larkins called him to pick him up because he had been kicked out of Elizabeth Irwin's house. He then picked up Larkins and his belongings and took him to Carey's house (Tr., ECF No. 10-3, PageID 587). The prosecutor asked Carey if Larkins ever made any statements to Carey "about whether or not he, Frank Larkins, thought he was going to be in trouble." *Id.* at PageID 588. Carey responded:

> Okay. Well, it was two days after I picked him up and I found out from my mom that he had like -- there was a warrant out for him in Toronto[2] and I told him to go down to the Toronto Police Department and find out what the warrant was for and then he said that he might be in trouble because he slept with this little girl and he named -- and he didn't name the other eight or nine little girls that he supposedly slept with.

*Id.* at PageID 588-89. Defense counsel immediately moved for a mistrial. The prosecutor noted that Carey had been listed as an alibi witness by Larkins so that cross-examination was proper. The judge overruled the motion for mistrial and instructed the jury:

> Okay. The Jury is instructed to disregard the witness' last response as nonresponsive. You will not consider it for any purpose. It. is to

---

[2] The "Toronto" in question is Toronto, Ohio, a city of 5,091 northeast of Steubenville in Jefferson County.

> be not considered for any purposes as -- as if you never heard that statement. It is to be struck. Do you understand that? Okay. All - right.

*Id.* at PageID 593. The Report concluded that the comment by Carey was "blurted out" and "not elicited by the prosecution." (ECF No. 14, PageID 834.) Larkins does not object to that finding and a review of the record confirms its accuracy, so there is no basis for concluding the prosecutor was intentionally eliciting evidence of other bad acts by Larkins. Even if he had been, that would not be grounds for issuance of the writ. As the Report holds,

> "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire.* 502 U.S. 62 (1991). It follows logically that when prior bad acts are mentioned by accident, there is no clearly established Supreme Court precedent requiring a mistrial in these circumstances.

(ECF No. 14, PageID 834-35.)

Larkins argues the curative instruction was insufficient, but the very first authority he cites held that "the subsequent striking of erroneously admitted evidence accompanied by a clear and positive instruction to the jury to disregard it cures the error." *United States v. Wells*, 431 F.2d 432,433 (6th Cir. 1970). Here the trial judge's curative instruction was unequivocal and immediate. Larkins complains that the jury may not have understood it, but it is unambiguous and courts presume juries follow instructions.

Supreme Court precedent relied on by Larkins is inapposite. In *Carmell v. Texas*, 529 U.S. 513 (2000), the Court held that a change in the rules of evidence for sexual crimes, enacted after the criminal conduct in suit but applied at trial, violated the Ex Post Facto Clause. Larkins was not subjected to any ex post facto change in evidence law. In *Burgett v. Texas*, 389 U.S. 109

(1967), the Court held that in a case alleging prior felony convictions, an uncounseled conviction could not be admitted and a curative instruction did not make the error harmless beyond a reasonable doubt. Here there was no evidence of any prior conviction admitted against Larkins and, in any event, the harmless error standard has been modified since *Burgett*. *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

Thus, the first part of Larkins' Ground One would be without merit even if this Court were examining it *de novo*. However, this Court is required to review not what the trial court did, but the appellate review of the trial court's decision. The Ohio Court of Appeals considered the merits of Larkins' claim to a mistrial as his first assignment of error. It held that "[i]f evidence of a prior bad act is inadvertently offered by a witness in response to an innocent question, the appropriate remedy is to grant a curative instruction, not a mistrial." *State v. Larkins*, 2017-Ohio-9369, ¶ 17 (7th Dist. Dec. 18, 2017), appellate jurisdiction declined, 152 Ohio St. 3d 1479 (2018). Furthermore the court of appeals found that there was no reasonable probability Carey's blurted comment could have contributed to Larkins' conviction because Larkins confessed to the crime and admitted his confession during his testimony. *Id.* at ¶¶ 20-21.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Because Larkins has not shown that the Ohio Seventh District Court of Appeals' decision was contrary to or an unreasonable application of clearly established Supreme Court precedent, the first part of Larkins' Ground One should be

6

dismissed.

**Ground One: Part Two: Unfairly Short Trial**

In the second part of his First Ground for Relief, Larkins asserts he was denied due process and a fair trial when "the trial court conducted all the proceedings in a single afternoon." (ECF No. 6, PageID 47.)

Larkins correctly objects that the Report did not address this claim. Larkins does not elaborate on this claim in his Objections, stating instead that he would "greatly detail how this would be applicable in a traverse" if afforded the opportunity to file one. He does not suggest why the seventy-six days given him to file Objections was insufficient time to provide this detail.

Nor does it appear he ever presented this claim to the state courts. It was certainly not part of his direct appeal to the Seventh District. In the Petition he merely claims "the trial court held voir dire, jury selection, trial, verdict and sentencing in a single afternoon." (ECF No. 6, PageID 48). Larkins was indicted August 5, 2015, and the trial was not held until May 19, 2016, more than nine months later, which should have been very adequate time to prepare for trial. The State Court Record does not show any motion by trial counsel for a continuance. Instead, it shows pretrial effort to suppress a video recording of his incriminatory statements to his parents after he had confessed to the police.

Larkins' Objections do not identify any place in the record where this part of Ground One was submitted to the Ohio courts. It is therefore forfeited by procedural default. Even if the Court were to reach the merits, there is no evidence in the State Court Record to show any request for more time to try the case or any prejudice from the shortness of the trial. Part Two of Ground One

should therefore be dismissed.

**Ground Two: Ineffective Assistance of Trial Counsel**

In his Second Ground for Relief, Larkins asserts he received constitutionally ineffective assistance of trial counsel, presenting eight sub-claims. Respondent asserted this claim was barred by Larkins' procedural default in presenting it to the state courts and the Report agreed, recommending dismissal on that basis (ECF No. 14, PageID 838).

Larkins objects that he can show cause and prejudice to excuse[3] his procedural default, but then claims summarily that "the outcome of this case would vastly be different had Larkins' attorney raised these objections and motions in a timely manner." (Objections, ECF No. 18, PageID 868.) Larkins then provides a three-page discussion of the ambiguities in Supreme Court precedent on defining "cause," followed by three pages describing the ambiguities in the Supreme Court's precedent on "prejudice." He concludes, "It is obvious that the cause listed above is such a strong showing." *Id.* at PageID 873. But he has not even attempted to show any cause and prejudice in his case; his conclusion is pure *ipse dixit*.

Because all of the trial attorney failures were documented in the record, Ohio law requires that they be raised on direct appeal. *State v. Perry*, 10 Ohio St. 2d 175 (1967). Under the *Perry* doctrine, they were barred by *res judicata* from being presented in any other way, e.g., by a petition for post-conviction relief. The Report concluded they were procedurally defaulted under the *Perry* doctrine which the Sixth Circuit has repeatedly held is an adequate and independent state ground

---

[3] Larkins claims the Magistrate Judge is being "derogatory" in using the word "excuse," but he uses it himself at least twice to describe the effect of showing cause and prejudice. It is also the term used by the Supreme Court in describing the effect of a showing of cause and prejudice. See *Murray v. Carrier*, 477 U.S. 478, 512 (1986).

for relief. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417, 427 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Failure to present these ineffective assistance of trial counsel claims on direct appeal could be excused by showing that the failure to present them was ineffective assistance of appellate counsel because a criminal defendant is entitled to effective assistance on first appeal of right. In Ohio the sole remedy for ineffective assistance of appellate counsel is by way of an application for reopening under Ohio R. App.P. 26(B). Larkins never filed such an application.

Larkins also claims the benefit of the "manifest miscarriage of justice" exception to procedural default. As Larkins acknowledges, however, this exception requires proof of actual innocence. *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998)(holding that "avoiding a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence"). A showing of actual innocence sufficient to support the manifest miscarriage of justice exception requires

> new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup [v. Delo]*, 513 U.S. [298,] 324 [(1995)]. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id*. at 321.

*Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005). Larkins has presented no new evidence at all.

**Ground Three: Ineffective Assistance of Appellate Counsel**

In his Third Ground for Relief Larkins claimed there were eight different ways in which his appellate attorney provided constitutionally ineffective assistance of counsel. The Report recommended dismissing this claim because, as noted above, Larkins had never sought relief by way of an application to reopen under App. R. 26(B).

In conclusory fashion, Larkins objects "that his appellate counsel forewent meritorious claims on direct appeal." (Objections, ECF No. 18, PageID 875.) But he does not say what those claims were nor even assert that he properly presented them to the court of appeals. Instead he blames the court of appeals for not advising him of this right. *Id.* at PageID 877. He cites no authority for the proposition that the court of appeals had any duty to do so.

**Ground Four: Actual Innocence**

In his Fourth Ground for Relief, Larkins assert he is entitled to habeas relief because he is actually innocent of the crimes of which he was convicted. He also asserted actual innocence as a "gateway" to present procedurally defaulted claims.

The Report recommended dismissal of Ground Four because a freestanding actual innocence claim is not cognizable in habeas and the "gateway" claim requires presentation of new evidence, citing *Herrera v. Collins,* 506 U.S. 390 (1993) and *Souter*.

Larkins objects that the "*Souter* qualifications are burdensome and are restrictive of an innocent person being incarcerated who seeks relief." (Objections, ECF No. 18, PageID 879.) Burdensome though they may be, they are required by the Supreme Court's decision in *Schlup*.

**Ground Five:  Insufficient Evidence**

In his Fifth Ground for Relief, Larkins asserted his convictions are supported by insufficient evidence.  The Report found the claim procedurally defaulted because it was never presented to the state courts (ECF No. 14, PageID 841).

Larkins now admits the procedural default but claims it is excused by the failure to his appellate attorney to raise it (Objections, ECF No. 18, PageID 880).  As noted above, Larkins' failure to file an application to reopen forfeits this claim.  Moreover, even if the Court were to reach the merits of the issue, it would conclude that Larkins' confessions provide more than adequate evidence to convict.

**Grounds Six and Seven**

Larkins makes no independent objections to the Report's conclusions on Grounds Five and Six, but incorporates the same objections he made on Ground Five (Objections, ECF No. 18, PageID 880-81).  Accordingly, no further analysis is required on these claims.

**Conclusion of the Objections**

In his Conclusion (ECF No. 18, PageID 881), Larkins repeats his request that the Report be vacated and that he be given a new chance to file a traverse.  Barring that, he asks in a blanket way for a certificate of appealability on all grounds without purporting to show how any reasonable jurist would disagree with the Magistrate Judge's conclusions.

District courts have the power to issue certificates of appealability under the AEDPA in § 2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(*en banc*). However, issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate. *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Because Larkins has made no effort to show that he meets the reasonable jurist disagreement standard, his request for a blanket certificate of appealability should be denied.

**Magistrate Judge Conclusion**

Having reconsidered the case as required by the Recommittal Order, the Magistrate Judge again respectfully recommends that the petition be dismissed with prejudice and Petitioner be denied a certificate of appealability.

September 4, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).