**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Frank Lee Larkins, Jr.,

    Petitioner,

v.

Warden, Belmont
Correctional Institution,

    Respondent.

Case No. 2:19-cv-421
Judge Michael H. Watson
Magistrate Judge Michael R. Merz

## OPINION AND ORDER

On June 11, 2019, the Magistrate Judge issued a Report and Recommendation recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. ECF 14. Petitioner filed an Objection to the Magistrate Judge's Report and Recommendation. ECF 18. Upon recommittal of the case to the Magistrate Judge, on September 5, 2019, the Magistrate Judge issued a Supplemental Report and Recommendation. ECF 20. Petitioner has filed an Objection to the Supplemental Report and Recommendation. ECF 26. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's objections, ECF 18, 26, are **OVERRULED.** The Report and Recommendation and Supplemental Report and Recommendation, ECF 14, 20, are **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his May 19, 2016, conviction after a jury trial in the Jefferson County Court of Common Pleas on one count of rape of a child under the age of thirteen. The Ohio Seventh District Court of Appeals summarized the facts as follows:

> {¶ 2} At the time of the incident in question, Appellant was living with a woman whom he described as his girlfriend. Although the woman testified that they were not dating, she acknowledged that he did live with her and slept on a couch in the living room. (5/19/16 Trial Tr., p. 183.) On July 23, 2015, three other people stayed at this house. They included a twenty-year-old man and two young girls, including the victim. The victim was twelve-years-old at the time.
>
> {¶ 3} On that night, Appellant's companion woman went to her bedroom and fell asleep while Appellant and the three guests watched television in the living room. According to the victim, she woke up at some point during the night and found Appellant on top of her and engaging in intercourse with her. (Id. at p. 194.) Her pants and underwear had been pulled down around her ankles. She testified that she tried to scream but Appellant held a pillow over her face. She also testified that she tried to force him off of her but he forced her to lie back down. After he completed the rape, the victim testified that he went to another couch to sleep. She noticed a used condom on the table, but it was gone in the morning. (Id. at p. 197.)
>
> {¶ 4} At some point the next day, the victim informed Appellant's companion about the rape. (Id. at p. 199.) According to Appellant, the woman confronted him and threw him out of the house. The record shows that this woman testified she evicted Appellant before she was informed of the rape. Regardless, Appellant's friend picked him up and allowed him to stay at his house. A few days later, this friend learned from his mother that the Toronto Police Department had issued a warrant for Appellant's arrest. The friend informed Appellant, who admitted that he might be in trouble because he "slept with this little girl." (Id. at p. 245.)
>
> {¶ 5} Appellant voluntarily reported to the police station. On his way to the station, he encountered a group of people with knowledge of the situation who allegedly threatened him. On arrival, he was told to come back later to speak with Sgt. Anthony Porreca. Appellant

returned later in the day and spoke in an interview room with Sgt. Porreca and Captain Rick Parker. At first, Appellant denied the accusations. However, when told that there may be a difference in the charges if the encounter was consensual, Appellant admitted that he engaged in intercourse with the victim, but said that it was consensual. (Id. at p. 290.) Appellant admitted at least seven times during the videotaped interview that he had intercourse with the victim.

{¶ 6} According to Appellant, the victim began flirting with him and then kissed and tickled him. (Id. at p. 302.) He claimed that the victim told him she wanted to have intercourse and he repeatedly asked her if she was sure, because he did not want to get in trouble. He admitted that he knew she was only eleven or twelve years old and that he kept the condom wrapper. (Id. at pp. 302–303.)

{¶ 7} Appellant made several phone calls to his father while at the police station. Appellant's end of the conversation was recorded. His father told him not to speak with the officers and to get a lawyer, however, Appellant told him that he had already told police what had happened. (Id. at p. 297.) He also informed his father that he had intercourse with the victim and that she was underage.

{¶ 8} On August 5, 2015, Appellant was indicted on one count of rape, a felony of the first degree in violation of R.C. 2907.02 (A)(1)(b), (B). At trial, Sgt. Parker, Officer Porreca, Appellant's friend, Appellant's female companion, the victim, and another young girl who was present at the time of the incident testified on behalf of the state. Appellant and his father testified on his behalf. Appellant's videotaped interview and an audio recording of his calls to his father were played for the jury and were admitted into evidence. Appellant acknowledged during his testimony that he confessed, but claimed that his confession was false. He said that he wanted to go to jail because he was afraid of the people who had confronted him and he would have been homeless because he did not have a place to stay.

{¶ 9} On May 19, 2016, the jury found Appellant guilty of the sole charge of the indictment. A sentencing hearing was held on the same date and the trial court sentenced Appellant to life in prison without parole eligibility for ten years. Appellant is also required by law to report as a tier three sex offender.

*State v. Larkins*, 7th Dist. No. 16 JE 0032, 2017 WL 6813279, at *1–2 (Ohio Ct. App. Dec. 18, 2017).

Petitioner asserts that he was denied a fair trial due to admission of testimony that he previously raped other children and the trial court's failure to conduct a competency evaluation (claims one and seven); that he was denied the effective assistance of trial and appellate counsel (claims two and three); that he is actually innocent (claim four); that the evidence is constitutionally insufficient to sustain his conviction (claim five); and that police unconstitutionally obtained his confession (claim six). The Magistrate Judge recommended dismissal of Petitioner's claims as procedurally defaulted or without merit.

Petitioner objects to those recommendations and to the denial of his June 10, 2019, motion for extension of time to file a traverse. Petitioner explains that he could not file a timely traverse due to his limited access to the prison's law library and constraints imposed by the prison's mailroom. He maintains that he did not receive a fair trial because a prosecution witness testified that Petitioner had a warrant out for his arrest and said "he might be in trouble because he slept with this little girl. . . and [] didn't name the other eight or nine little girls that he supposedly slept with." Objection, ECF 26, PAGEID # 952. Petitioner argues that the witness made this statement deliberately, that the prosecutor failed to appropriately prepare the witness to testify, and that the trial court's curative instructions failed to cure the prejudice. Petitioner further complains that the Magistrate Judge sua sponte raised the issue of procedural default in connection

with his allegation in claim one that he was denied due process because the trial court rushed the proceedings. He complains that the trial court failed to conduct a pre-sentence investigation prior to imposing sentence, and that his attorney did not file a sentencing memorandum. Petitioner objects to the recommendation of dismissal of claims two through seven as procedurally defaulted. He asserts the ineffective assistance of counsel as cause for his procedural default and refers to his pro se indigent status as an incarcerated prisoner. Petitioner complains that neither the trial court nor his attorneys advised him about the procedure for filing an application for reopening of the appeal under Ohio Rule 26(B).

Petitioner's objections are not well-taken. The Court provided Petitioner ample opportunity to file his objections, granting his request for an extension of time of approximately sixty days, and instructed him to include therein any arguments he had intended to include in a traverse. Petitioner had the additional opportunity to do so when the Court again granted his request for a sixty-day extension of time for the filing of this objection. This Court has reviewed the entire record and all of the arguments Petitioner raises. The record does not reflect a basis for relief.

A federal district court may sua sponte raise the issue of procedural default where, as here, it provides the Petitioner with an opportunity to respond by the filing of objections. *See Nelson v. Warden, Warren Corr. Inst.*, No. 2:17-cv-0730, 2017 WL 4772869, at *2 (S.D. Ohio Oct. 20, 2017) (citing *Tolliver v. Sheets*, 530 F. Supp. 2d 957, 962 (S.D. Ohio 2008) (citing *Foti v. Bobby*, No. 1:05-cv-1019,

2007 WL 1577785 (N.D. Ohio May 31, 2007)) (citing *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005); *Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir. 2002)). Moreover, Petitioner waived his claims by failing to raise them on direct appeal.

He has failed to establish cause for this procedural default. It is his burden to do so. *See Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) ("[P]etitioner has the burden of showing cause and prejudice to overcome a procedural default.") (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted)). Petitioner's pro se status and ignorance of the law or procedural requirements does not excuse a procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Instead, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007). Constitutionally ineffective counsel may constitute cause sufficient to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). However, in order to constitute cause, an ineffective assistance of counsel claim generally must "'be presented to the state courts as an independent claim" before it may be used to establish cause for a procedural default.'" *Edwards*, 529 U.S. at 452 (quoting *Murray v. Carrier*, 477 U.S. 479); *see also Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005) (Before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally

defaulted.") Here, the ineffective assistance of counsel cannot constitute cause for Petitioner's procedural default, because he never presented that claim to the state courts. Further, the failure of counsel to advise a petitioner about the avenue of relief or deadline for filing a Rule 26(B) application does not establish cause for the failure file a timely Rule 26(B) application, because it is a "separate collateral proceeding rather than part of the original appeal" where the Petitioner has no right to counsel. *McClain v. Kelly*, 631 F. App'x 422, 430 (6th Cir. 2015) (citing *Tolliver v. Sheets*, 594 F.3d 900, 929 (6th Cir. 2010)).

As to the sole claim that Petitioner has preserved for review in these proceedings, as noted by the Magistrate Judge, Report and Recommendation, ECF 14, PAGEID # 834, Petitioner raised no federal issue in the Ohio Court of Appeals. He thereby has waived his federal claim for review in these proceedings.

In order to exhaust available state remedies, a petitioner must first fairly present the substance of his federal habeas corpus claims to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). "The state courts must be provided with a fair opportunity to apply controlling legal principles to the facts bearing upon petitioner's constitutional claims." *Sampson v. Love*, 782 F.2d 53, 55 (6th Cir. 1986). The fair presentment requirement "is rooted in principles of comity and federalism designed to allow state courts the opportunity to correct the State's alleged violation of a federal constitutional right that threatens to invalidate a state

criminal judgment." *Spence v. Sheets*, 675 F.Supp.2d 792, 806 (S.D. Ohio 2009). A petitioner does not fairly present his claim simply because the necessary facts supporting a federal constitutional claim are present or because the constitutional claim appears self-evident. *Haggins v. Warden*, 715 F.2d 1050, 1054 (6th Cir. 1983) (citing *Harless*, 459 U.S. at 6). Furthermore, "[a] petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions employing constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993) (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)). Courts normally require more than a single broad generalization that petitioner was denied a "fair trial" or "due process of law." *Franklin*, 811 F.2d at 326; *Petrucelli v. Coombe*, 735 F.2d 684, 688 (6th Cir. 1984). Petitioner, however, need not "cite book and verse on the federal constitution." *Picard*, 404 U.S. at 277 (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1960)). The Sixth Circuit has strictly followed the requirement that petitioner fairly presented his federal constitutional claims to the state courts as a precondition to federal habeas review. *Weaver v. Foltz*, 888 F.2d 1097, 1098 (6th Cir. 1989). Here, Petitioner did not refer to federal law, federal cases, or the due process clause in support of his claim in the Ohio Court of Appeals. Instead, he raised this claim in terms of the alleged violation of state law only. See Brief of Appellant, ECF 10, PAGEID # 151–56.

Petitioner's claim regarding the alleged violation of state law does not provide him a basis for relief. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here. Even if the prior bad acts evidence has been improperly admitted at trial, the Supreme Court has not held that admission of such evidence violates the Due Process Clause. Therefore, this claim does not provide Petitioner a basis for relief. *See Rogers v. Warden, BeCI*, No. 2:16-cv-0638, 2018 WL 2009686, at *13 (S.D. Ohio April 30, 2018) (citing *Werber v. Milligan*, No. 1:11-cv-400, 2012 WL 1458103, at *20 (N.D. Ohio March 23, 2012) (citing *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003)).

For the foregoing reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation and Supplemental Report and Recommendation, Petitioner's objections, ECF 18, 26, are **OVERRULED.** The Report and Recommendation and Supplemental Report and Recommendation, ECF 14, 20, are **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a

certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the

district court's procedural holding." *Id.* at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of this action. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court **CERTIFIES** that the appeal would not be in good faith such that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**